United States District Court
Southern District of Texas
**ENTERED**
March 07, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-3032 |
| | § | |
| IGNACIO T. VERA, et al., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Plaintiff's Motion for Default Judgment against Defendants Ignacio Vera ("Ignacio") and Josefina Vera ("Josefina") (Doc. 20), and Plaintiff's Motion for Default Judgment against Defendant Premier Plastering Supply, Ltd. ("Premier"), (Doc. 21). The court has considered the motions, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the motions be **GRANTED**.

Plaintiff filed this action on August 30, 2018, against Igancio and Josefina to reduce to judgment their unpaid federal income tax liabilities and to foreclose federal tax liens against certain property located in Montgomery County, Texas (the "Property").[2] Plaintiff also filed this action against Premier as it possesses a mechanic's lien against Ignacio and Josefina and may

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 4, Ord. Dated Sept. 21, 2018.

[2] See Doc. 1, Pl.'s Compl. p. 1.

claim an interest in the Property.[3]

On December 6, 2018, Plaintiff filed two returns of service of summons reflecting that on December, 3, 2018, Ignacio and Josefina had been served through Josefina at their home.[4]  On the same day, Plaintiff filed a return of service of summons reflecting that on October 17, 2018, Premier had been served through an individual authorized to accept service of process on behalf of Premier.[5]  Premier, Ignacio, and Josefina have not filed answers to Plaintiff's complaint, although, Premier filed a notice of its consent to proceed before the undersigned.[6]

On February 6, 2019, Plaintiff filed a motion for default judgment against Ignacio and Josefina.[7]  On February 12, 2019, Plaintiff filed a motion for default judgment against Premier.[8]

Federal Rule of Civil Procedure 55(b)(2) addresses default judgments entered by the court, stating that the suing party must apply for a default judgment, and that the court may conduct hearings as necessary to determine the amount of damages.  Local Rule 5.5 requires that motions for default judgment "be served on

---

[3] See id. p. 2; Doc. 21, Pl.'s Mot. for Default. J. Against Premier p. 2.

[4] See Docs. 7 & 8, Returns of Service of Summons as to Ignacio and Josefina.

[5] See Doc. 9, Return of Service of Summons as to Premier.

[6] See Doc. 14, Premier's Consent to Proceed Before Magistrate Judge.

[7] See Doc. 20, Pl.'s Mot. for Default J. Against Ignacio and Josefina.

[8] See Doc. 21, Pl.'s Mot. for Default J. Against Premier.

the defendant-respondent by certified mail (return receipt requested)." The Servicemembers Civil Relief Act requires that the plaintiff file an affidavit stating whether "the defendant is in military service and showing necessary facts to support the affidavit" or "stating that the plaintiff is unable to determine whether or not the defendant is in military service." 50 U.S.C. § 3931(b).

On March 5, 2019, the court ordered Plaintiff to comply with Local Rule 5.5.[9] Later the same day, Plaintiff notified the court that it had complied with Local Rule 5.5 on February 6, 2019, with regards to the motion against Ignacio and Josefina, and on March 5, 2019, with regards to the motion against Premier.[10] To its motion for default against Ignacio and Josefina, Plaintiff attached an affidavit that satisfies the Servicemembers Civil Relief Act and indicates that neither Ignacio nor Josefina is in military service.[11] In the motion against Premier, Plaintiff's counsel asseverated that, according to a Premier representative, Premier will not be pursuing its interest in the Property.[12]

The Fifth Circuit has acknowledged the district court's discretionary authority to employ default judgment "in the interest

---

[9] See Doc. 23, Ord. Dated Mar. 5, 2019.

[10] See Doc. 24, Pl.'s Notice of Service.

[11] See Doc. 20-1, Ex. 1 to Pl.'s Mot. for Default J. Against Ignacio and Josefina, Dec. of Stephanie M. Page.

[12] See Doc. 21, Pl.'s Mot. for Default J. Against Premier p. 2.

of the orderly administration of justice." Flaksa v. Little River Marine Constr. Co., 389 F.2d 885, 887 (5th Cir. 1968); but see Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 805 (5th Cir. 2012)(stating that the granting of motions that are dispositive of litigation should not be automatic).  A default judgment is considered a drastic remedy to which the court should resort only in extreme situations.  Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001).

Here, Plaintiff has proven service of process and has complied with all of the requirements to justify granting entry of default. As of the date of this order, which is more than three months after service of process, Ignacio and Josefina have not answered or made an appearance.  Premier has not answered and has indicated that it does not intend to do so.  Therefore, the court **RECOMMENDS** that Plaintiff's motions be **GRANTED**.  At a later date, the court will schedule a hearing to determine damages.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the

United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 7th day of March, 2019.

_____
U.S. MAGISTRATE JUDGE